UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT AMSTER,

        Defendant.
_____/

Case No. 2:14-cr-20599-03

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR RELEASE FROM CUSTODY [690]**

In 2014, Defendant Scott Amster pleaded guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, for his involvement in an international fraudulent telemarketing ring centered in Detroit, Michigan. ECF 89. On September 26, 2016, he was sentenced to 102 months' imprisonment. ECF 405, 415. On June 10, 2020, Defendant filed an emergency motion to reduce his sentence under the compassionate release provision of the First Step Act, 18 U.S.C. § 3582. ECF 690. Defendant represented that he is particularly susceptible to COVID-19 because of his age and underlying medical conditions. *Id.* at 3840–41. The Government opposed Defendant's request. ECF 691.

To be eligible for compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical

1

condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1(A)–(D).

Even if Defendant establishes "extraordinary and compelling reasons," he is ineligible for compassionate release if he is "a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Dangerousness constitutes "a broader construction than the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam). As such, danger may encompass economic harm. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992); *see also United States v. Stone*, 608 F.3d 939, 948 n.7 (6th Cir. 2010).

Here, Defendant has demonstrated that extraordinary and compelling reasons exist. He is 59 years old and has several serious underlying medical conditions, including obesity, type-2 diabetes, hypertension, and chronic atrial fibrillation. ECF 690. PgID 3840. Defendant's medical history thus categorizes him as high risk under the CDC's guidelines. *See People at Increased Risk of Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

But Defendant remains a danger to the community. He has been convicted for various fraudulent schemes, most of which he committed while on probation for early offenses. ECF 367, PgID 1791–92 (under seal). The present case was his fifth felony conviction related to fraudulent activity. *Id.* at 1791. Further, his current home plan indicated that he has no job prospects and will not seek employment until after the pandemic is over. ECF 690, PgID 3841. Because Defendant has no means of economic

support until after the pandemic is over—a date seemingly far in the unforeseeable future—and in light of his repeated criminal conduct, Defendant will likely pose a danger to the community through potential economic harm and is not eligible for compassionate release. The Court will therefore deny Defendant's emergency motion for release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for release from custody [690] is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: August 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2020, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager