UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT AMSTER,

        Defendant.

Case No. 2:14-cr-20599-03

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [712]**

Defendant Scott Amster, acting pro se, moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c). ECF 712. Defendant argued the Court should reduce his sentence because several of his medical problems place him at an increased risk of severe illness or death from COVID-19 and make "infection inevitable." *Id.* at 3974. Defendant specifically asserted he suffers from hypertension, diabetes, obesity, atrial fibrillation, GERD, high cholesterol, and respiratory infections. *Id.* at 3968.

The Government responded that Defendant's COVID-19 fears of infection do not warrant a sentence reduction as an "extraordinary or compelling circumstance" under the First Step Act. ECF 714, PgID 3998. After all, Defendant is fully vaccinated against COVID-19. ECF 714-1, PgID 4019. And on that basis, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative

1

remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release based on his health, ECF 691, PgID 3861, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

2

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claim about health complications from COVID-19 is not extraordinary and compelling. Defendant is fully vaccinated against the COVID-19 virus because he has received both Moderna vaccine shots. ECF 714-1, PgID 4019. The Moderna vaccine is "exceptionally safe and effective, preventing 94.1% of infections in clinical trials." *United States v. Cheatham*, No. 2:17-CR-20053-1, 2021 WL 1731712, at *2 (E.D. Mich. May 3, 2021) (Murphy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant is fully vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). "Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting

COVID-19." *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases).

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [712] is **DENIED**.

**SO ORDERED.**

                                                    s/ Stephen J. Murphy, III
                                                   STEPHEN J. MURPHY, III
                                                   United States District Judge

Dated: June 16, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2021, by electronic and/or ordinary mail.

                                                   s/ David P. Parker
                                                   Case Manager